**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| Sulzer Spine-Tech Inc. Plaintiff, v. Paul R. Breitenbach, Defendant. | ) | File No.: Civ. 01-1719 (RHK/SRN) **STIPULATION AND ORDER FOR LEAVE TO AMEND THE COMPLAINT** |

**STIPULATION**

The parties to this action, by and through undersigned counsel, stipulate and agree that plaintiff Sulzer Spine-Tech Inc. may amend its complaint in this matter, in the form attached hereto as Exhibit A, to assert a claim for punitive damages. This stipulation is made pursuant to Rule 15 of the Federal Rules of Civil Procedure and Section 549.191 of the Minnesota Statutes. Defendant consents to filing of the amended complaint without waiving any defenses or admitting any of the allegations contained therein.

FAEGRE & BENSON LLP

Dated: ~~February~~ March 11, 2002

Kristen Ludgate

Ronald J. Lee
Attorney Registration No. 200505
Kristen M. Ludgate
Attorney Registration No. 286965

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 336-3000

Attorneys for Plaintiff

MAR 13 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

DOAR, DRILL, & SKOW, S.C.

Dated: February 27, 2002

Lisa M. Drill
Attorney Registration No. 206659

103 North Knowles Avenue
Post Office Box 69
New Richmond, WI 54017
(715) 246-2211

Attorneys for Defendant

**ORDER**

IT IS SO ORDERED:

Dated: March 13, 2002

BY THE COURT

Magistrate Judge Susan Richard Nelson
United States District Court

M1:815177.01

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Sulzer Spine-Tech Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Paul R. Breitenbach,<br><br>Defendant. | Civ. 01-1719 (RHK/SRN)<br><br>**AMENDED COMPLAINT** |

## PARTIES

1. Plaintiff Sulzer Spine-Tech Inc. ("Spine-Tech") is a Delaware corporation with its principal place of business at 7375 Bush Lake Road, Minneapolis, Minnesota.

2. Defendant Paul R. Breitenbach ("Breitenbach") is an individual residing in Wisconsin. Breitenbach was formerly employed by Spine-Tech as a Sales Representative.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interests and costs, and this action is between citizens of different states.

4. Venue in this Court is proper because this action arises out of an Employment Agreement that Breitenbach signed as a condition of employment with Spine-Tech, and the Employment Agreement includes a Minnesota choice of forum and consent to jurisdiction provision. Venue is also proper in this Court because this action relates to a previous action in this Court between Breitenbach and Spine-Tech (Case

No. 00 CV 2215 (DWF/AJB)), which had been transferred to this Court from the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1404. The relationship between this action and the previous action is described in more detail in the facts set forth below.

## FACTS

### Background Regarding Spine-Tech

5. Spine-Tech is a medical device company that designs, develops, markets and sells spinal implants, instruments, and other products used in the treatment of degenerate disk disease and other spinal conditions.

6. Spine-Tech relies on field sales representatives, supported by clinical and other staff, to market and sell its products to a sophisticated and knowledgeable clientele of surgeons and hospitals. In addition to traditional sales and marketing activities, Spine-Tech's sales representatives advise surgeons on surgical techniques and applications of Spine-Tech technology and frequently attend surgical procedures, where they consult with surgeons and nurses during the surgery.

7. Spine-Tech devotes considerable time, effort, and expense to training and supporting its sales representatives. As a result, its sales force is well known in the industry for its professionalism and technical knowledge. Spine-Tech also discloses to its sales representatives highly proprietary and confidential information about its business, including product specifications, pricing information, sales forecasts, surgeon education initiatives, planned new products and product modifications, research and development activities, sales

activities and strategies, buying practices and patterns of Spine-Tech's customers, and physician preferences and practices.

8. To protect its confidential information, customer goodwill, and other assets, Spine-Tech requires its sales representatives to sign employment agreements that contain non-compete, non-disclosure, and non-solicitation provisions. Such agreements are standard in the highly-competitive medical device industry and necessary for the protection of Spine-Tech's business interests.

## Breitenbach's Employment Agreement with Spine-Tech

9. Defendant Breitenbach was employed by Spine-Tech as a Sales Representative in Wisconsin from December, 1996 through May, 2001. When Breitenbach was hired, he had no previous experience in the spine industry. On November 22, 1996, prior to the commencement of his employment, Breitenbach signed an Employment Agreement with Spine-Tech, which is attached to this Complaint as Exhibit A.

10. Breitenbach's Employment Agreement required that he devote his full-time efforts to his position and refrain from any business activities that would interfere with his responsibilities for Spine-Tech:

> Duties. The employee will devote substantially all of the Employee's business hours to, and, during such time, make the best use of the Employee's energy, knowledge, and training in advancing the Company's interests . . . . While the Employee is employed by the Company, the Employee will keep the Company informed of any other business activities or outside employment, and will promptly stop any activity or employment that might conflict with the Company's interests or adversely affect the performance of the employee's duties for the Company.

11. Breitenbach's Employment Agreement also contained a non-compete clause which provided that he would not, in any capacity, alone or with another firm:

> (i) directly or indirectly engage in any commercial activity that competes with the Company's business . . . .
>
> (ii) in any way interfere or attempt to interfere with the Company's relationships with any of its current or potential customers, or
>
> (iii) employ or attempt to employ any of the Company's employees on behalf of any other entity competing with the Company.

12. Breitenbach's Employment Agreement also confirmed the fact that he would be entrusted with confidential and proprietary information during his employment with Spine-Tech and prohibited him from any unauthorized use or disclosure of that information:

> . . . . the Employee will never, either during or after his employment by the Company, use Confidential Information for any purpose other than the business of the Company or disclose it to any person who is not also an employee of the Company.

13. The Employment Agreement also set forth Breitenbach's consent to entry of an injunction if he breached his non-compete or non-disclosure obligations:

> <u>No Adequate Remedy</u>. The Employee understands that if the Employee fails to fulfill the Employee's obligations under Sections 6, 7 or 8 of this Agreement, the damages to the Company would be very difficult to determine. Therefore, in addition to any other rights or remedies available to the Company at law, in equity, or by statute, the Employee hereby consents to the specific enforcement of the provisions of those Sections by the Company through an injunction or restraining order issued by an appropriate court.

**Breitenbach's Unsuccessful Declaratory Judgment Action Against Spine-Tech**

14. In June 2000, Breitenbach commenced a declaratory judgment action against Spine-Tech in Wisconsin state court seeking a declaration that the non-compete provision of his Employment Agreement was invalid and unenforceable. In his Complaint, Breitenbach indicated his intention to terminate his employment agreement with Spine-Tech in order to pursue "professional endeavors that may appear to constitute direct or indirect commercial activity that competes with Spine-Tech's business." Spine-Tech removed the Wisconsin action to federal court in Wisconsin, and then successfully moved to transfer venue to federal court in Minnesota, consistent with the choice of forum clause in the Employment Agreement.

15. During the pendency of Breitenbach's lawsuit, Breitenbach produced in response to Spine-Tech's document request a copy of a business plan for a company called Integrated Spine, Inc. Breitenbach was listed on the business plan as one of the proprietors of Integrated Spine.

16. The business plan for Integrated Spine stated that the company would sell multiple products to meet the needs of spine surgeons, its target customers, and would have "a significant impact on the Wisconsin market." In his business plan for Integrated Spine, Breitenbach described the strengths and weaknesses of his "competition," and among his list of competitors was Spine-Tech. The business plan included graphs showing Spine-Tech's annual sales and market share, confidential and proprietary information to which Breitenbach had access as a Spine-Tech employee. Breitenbach also stated in the business plan that he expected "a sales increase of $1,500,000 in converted business in the first six months." He

also touted his existing relationships with Spine-Tech's customers as the expected "foundation" for his success.

17. Just over a week after producing his business plan to Spine-Tech, and with Spine-Tech insisting that he appear for deposition, Breitenbach moved for the voluntary dismissal of his declaratory judgment action, with prejudice. This Court dismissed Breitenbach's lawsuit with prejudice on May 17, 2001.

**Breitenbach's Resignation from Spine-Tech**

18. By letter dated May 17, 2001, the same day his lawsuit was dismissed, Breitenbach resigned his position at Spine-Tech.

19. After Breitenbach gave notice of his intention to resign, his region manager, Scott Hook, conducted an exit interview in which he specifically asked Breitenbach if he planned to work for a competitor or to otherwise compete with Spine-Tech in violation of his Employment Agreement. Breitenbach told Hook that he was leaving to accept a position with a company that to Spine-Tech's knowledge is not a competitor of Spine-Tech.

20. In light of the competitive business plan Breitenbach had produced in his declaratory judgment action, Hook asked Breitenbach whether he was setting himself up as a distributor of spine products to compete against Spine-Tech in Wisconsin. Breitenbach adamantly denied any such activity or intention.

**Breitenbach's Unlawful Competition with Spine-Tech**

21. Since Breitenbach's departure, Spine-Tech has learned that Breitenbach misrepresented his intentions to Spine-Tech upon his departure and that he is competing with Spine-Tech in violation of his Employment Agreement. Breitenbach is carrying out the

competitive business plan described above by soliciting and selling competitive products to Spine-Tech customers with whom he developed close relationships as a Spine-Tech employee.

22. Even more disturbing than Breitenbach's unlawful post-termination competitive activities, Spine-Tech learned subsequent to Breitenbach's departure that that Breitenbach began selling competitive products, and diverting business away from Spine-Tech, even while he was still a Spine-Tech employee. Moreover, a review of Breitenbach's expense reports indicates that Breitenbach submitted and was reimbursed by Spine-Tech for thousands of dollars in expenses that he apparently incurred in pursuit of his unlawful competitive activities.

23. In carrying out his unlawful competitive activities, both before and after his employment with Spine-Tech ended, Breitenbach has irreparably harmed Spine-Tech's valuable customer relationships and diverted hundreds of thousands of dollars in sales revenues from Spine-Tech and to its competitors.

24. Breitenbach's actions in this matter were taken with deliberate disregard for the rights of Spine-Tech.

## COUNT I
## Breach of Employment Agreement

25. The previous allegations of this Complaint are realleged herein.

26. Spine-Tech has a valid and enforceable Employment Agreement with Breitenbach. This Court's prior dismissal of Breitenbach's declaratory judgment action with prejudice is res judicata as to the validity and enforceability of the Employment Agreement

and precludes Breitenbach as a matter of law from challenging the validity and enforceability of the Employment Agreement in this action.

27. Breitenbach has repeatedly breached his Employment Agreement by, both during and after his employment, selling competing products, interfering with Spine-Tech's customer relationships, using or disclosing Spine-Tech's confidential information, and soliciting one or more Spine-Tech employees.

28. Spine-Tech has suffered hundreds of thousands of dollars in damages as a result of Breitenbach's unlawful conduct. Spine-Tech will suffer irreparable harm and will continue to suffer irreparable harm unless Breitenbach is enjoined from further breach of his Employment Agreement.

## COUNT II
## Misappropriation of Trade Secrets

29. The previous allegations of this Complaint are realleged herein.

30. By virtue of his employment at Spine-Tech, Breitenbach had access to and acquired confidential and proprietary information belonging to Spine-Tech under circumstances that give rise to contractual, statutory, or common law duties to maintain the secrecy and confidentiality of this information and to limit its use for the benefit of Spine-Tech.

31. The confidential and proprietary information to which Breitenbach had access has independent economic value because it is not generally known to or readily ascertainable by persons outside of Spine-Tech. The information is the result of years of research, analysis, and development of Spine-Tech products and customers, which would take a

competitor a significant time and effort to duplicate independently. Spine-Tech has made reasonable efforts to maintain the secrecy of this information. Indeed, Breitenbach knew or had reason to know that Spine-Tech intends or expects the information to be confidential.

32. Breitenbach has used and disclosed Spine-Tech's confidential and proprietary information for his benefit and inevitably will continue to do so if allowed to continue engaging in competitive activities in breach of his employment agreement. This conduct constitutes a violation of contractual, statutory, and common law prohibitions against misappropriation of trade secrets and confidential and proprietary information.

33. As a direct and proximate consequence of Breitenbach's unlawful conduct, Spine-Tech has suffered irreparable harm and will continue to suffer irreparable harm unless the wrongful conduct of Breitenbach is enjoined by this Court. Spine-Tech has suffered and will continue to suffer damages caused by Breitenbach in an amount to be determined at trial.

## COUNT III
## Breach of Duty of Loyalty

34. The previous allegations of this Complaint are realleged herein.

35. As a Spine-Tech employee, Breitenbach owed Spine-Tech a duty of loyalty. This duty prohibited Breitenbach furthering his own interests or the interests of others at Spine-Tech's expense during his employment.

36. As set forth above, Breitenbach breached his duty of loyalty to Spine-Tech by, during his employment, soliciting Spine-Tech's customers, converting those customers to competitive products, using Spine-Tech's confidential information, soliciting one or more Spine-Tech employees, and using Spine-Tech funds to assist in these unlawful endeavors.

37. As a direct and proximate cause of Breitenbach's breach of his duty of loyalty, Spine-Tech has suffered damages in an amount to be determined at trial.

**COUNT IV**

**Tortious Interference with Business Relationships**

38. The previous allegations of this Complaint are realleged herein.

39. Spine-Tech has valuable and competitively advantageous business relationships with its customers. Breitenbach has knowledge of those business relationships by virtue of his long-term employment relationship with Spine-Tech.

40. Breitenbach has intentionally, and without justification, interfered with Spine-Tech's customer relationships and, through misappropriation of Spine-Tech's confidential and proprietary information, diverted or attempted to divert the business of those customers from Spine-Tech to its competitors.

41. As a direct and proximate result of this wrongful conduct, Spine-Tech has been and continues to be damaged in an amount to be determined at trial. In addition, Spine-Tech has suffered irreparable harm and will continue to suffer irreparable harm unless such unlawful conduct is enjoined by this Court.

**COUNT V**

**Unfair Competition**

42. The previous allegations of this Complaint are realleged herein.

43. By the conduct described above, Breitenbach has wrongfully breached his duty of loyalty to Spine-Tech, has wrongfully misappropriated Spine-Tech's confidential and

proprietary information, and has tortiously interfered with Spine-Tech's employment agreements and customer relationships.

44. Breitenbach's tortious conduct has and will continue to diminish Spine-Tech's competitive status and to jeopardize Spine-Tech's commercial interests.

45. As a direct and proximate cause of Breitenbach's unfair competitive practices, Spine-Tech has suffered damages in an amount to be determined at trial. In addition, Spine-Tech has suffered irreparable harm and will continue to suffer irreparable harm unless the wrongful conduct of Breitenbach is enjoined by this Court.

**COUNT VI**

**Unjust Enrichment**

46. The previous allegations of this Complaint are realleged herein.

47. Breitenbach has been unjustly enriched and continues to be unjustly enriched at the expense of Spine-Tech by his wrongful conduct as described above.

WHEREFORE, plaintiff Sulzer Spine-Tech Inc. demands judgment against defendant Paul R. Breitenbach for the following relief:

(1) An injunction enjoining Breitenbach from directly or indirectly selling competitive products in the territory that he covered for Spine-Tech for a period of one year following entry of the injunction;

(2) An injunction enjoining Breitenbach from using or disclosing Spine-Tech's confidential and proprietary information;

(3) An injunction enjoining Breitenbach from any further interference with Spine-Tech's customers or employees;

(4) Compensatory and punitive damages against Breitenbach in an amount to be determined at trial;

(5) Interest, costs, and disbursements, and reasonable attorneys' fees; and

(6) Such other legal and equitable relief to which Spine-Tech is entitled and which the Court deems appropriate.

FAEGRE & BENSON L.L.P

Dated: ____________, 2002

______________________________
Ronald J. Lee
Attorney Registration No. 200505
Kristen M. Ludgate
Attorney Registration No. 286965
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

Attorneys for Plaintiff
Sulzer Spine-Tech Inc.

M1:849954.01