**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Sulzer Spine-Tech Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Paul R. Breitenbach,<br><br>Defendant. | File No.: Civ. 01-1719 (RHK/SRN)<br><br>**STIPULATION AND ORDER REGARDING HIGHLY CONFIDENTIAL INFORMATION** |

**STIPULATION**

It is hereby stipulated by the parties as follows:

1. The Amended Stipulation and Confidentiality Order entered by the Court on November 21, 2001 ("November 2001 Order") provides certain protections for confidential and proprietary information produced in response to a discovery request or third party subpoena;

2. The parties now stipulate that some confidential information likely to be produced in this matter is so competitively sensitive as to warrant denial of access to it to by any non-producing parties. Such information, whether produced pursuant to a discovery request or third party subpoena, may be designated as Highly Confidential if the producing party reasonably believes the material produced is of a sensitive nature that could cause competitive harm if disclosed to non-producing parties or their officers or employees. Such information so designated is referred to as "Highly Confidential Information" in this Stipulation and Order Regarding Highly Confidential Information.

APR 23 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. Except as modified below, all procedures, restrictions, and other provisions of the November 2001 Order applicable to Confidential Information shall also apply to Highly Confidential Information. Additional protections applicable to Highly Confidential Information are set forth below.

4. Highly Confidential Information shall not be given, shown, made available, or communicated in any way by any receiving party to anyone other than:

(a) Outside counsel of record for the parties to this action and clerks, legal assistants, and support staff in their firms;

(b) The Court and its staff;

(c) Consultants and experts retained to assist in preparation for trial or settlement and the office staffs of such consultants and experts;

(d) Court reporters retained in connection with this action;

(e) Teresa Ford (Senior Attorney at Sulzer Medica), her supervisor in Sulzer Medica's legal department, and her successor (if any) as plaintiff's in-house counsel responsible for this matter (collectively "plaintiff's in-house counsel"), provided that (i) plaintiff's in-house counsel shall not be permitted to retain copies of any Highly Confidential Information, (ii) Ms. Ford (or her successor) shall disclose Highly Confidential Information to her supervisor only to the extent necessary for monitoring the litigation or evaluating litigation or settlement strategy, and (iii) plaintiff's in-house counsel shall not disclose Highly Confidential Information to any other employees of

Sulzer Spine-Tech or Sulzer Medica, except as provided by subparts (f) through (h) below.

(f) Witnesses in deposition or trial and persons who may be witnesses where questions may be asked relating to the Highly Confidential Information (provided, however, that witnesses who are not within the scope of any other provision of this Section 4 may not be permitted to retain copies of any Highly Confidential Information shown to them).

(g) Such other persons as may be necessary to conduct the trial of this action if disclosure to such person is ordered by the Court or agreed to in writing by the parties, provided that the producing party is given advance written notice of and an opportunity to object to the proposed disclosure; and

(h) Such other persons as the Court may specifically approve after notice and hearing, provided that the producing party is given advance written notice of the hearing and an opportunity to object to the proposed disclosure.

Highly Confidential Information may not be given, shown, made available to, or communicated in any way to the non-producing parties or their officers or employees, except as provided in subparts (e) through (h) above.

5. In the event that Highly Confidential Information is disclosed during a deposition (whether by oral testimony or introduction of documents or other exhibits), if the producing is party is present during the deposition, then that party shall comply with the provisions in paragraphs 2 and 3 of the November 2001 Order to designate all or part of the

transcript as Highly Confidential. If the producing party is not present during the deposition, then a transcript of the deposition shall be delivered to counsel for the producing third party by the party who noticed the deposition, and the third party shall then have 14 days from the date of receipt to designate the transcript or portions thereof as Highly Confidential.

6. If a party contests a third party's designation of documents or information as Highly Confidential pursuant to the procedures in paragraph 4 of the November 2001 Order, the third party who produced the Highly Confidential documents or information shall receive notice under the same conditions applicable to parties under paragraph 4 of the November 2001 Order.

7. In the event that either the parties or the Court seek to modify or amend this Stipulation and Order Regarding Highly Confidential Information, all producing third parties who have designated documents or information as Highly Confidential shall be given advance written notice of and an opportunity to object to the proposed modification or amendment.

DOAR, DRILL, & SKOW, S.C.

Dated: April 19, 2002

Lisa M. Drill

Lisa M. Drill
Attorney Registration No. 206653
103 North Knowles Avenue
Post Office Box 69
New Richmond, WI 54017
(715) 246-2211

Attorneys for Defendant
Paul R. Breitenbach

Dated: April 23, 2002

FAEGRE & BENSON LLP

Ronald J. Lee
Attorney Registration No. 200505
Kristen M. Ludgate
Attorney Registration No. 286965
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

Attorneys for Plaintiff
Sulzer Spine-Tech Inc.

M1:845064.04

**ORDER**

IT IS SO ORDERED:

Dated: april 23, 2002

BY THE COURT

Magistrate Judge Susan Richard Nelson
United States District Court

M1:845064.04