**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Sulzer Spine-Tech, Inc.,

Plaintiff,

v.

Civ. No. 01-1719 (RHK/SRN)
**ORDER**

Paul R. Breitenbach,

Defendant.

---

Ronald J. Lee and Kristen M. Ludgate, Faegre & Benson LLP, Minneapolis, Minnesota, for Plaintiff.

Lisa M. Drill, Doar, Drill & Skow, S.C., New Richmond, Wisconsin, for Defendant.

---

Plaintiff Sulzer Spine-Tech ("Sulzer") is a medical device company that manufacturers and sells spinal implants, surgical instruments, and other products used in the treatment of degenerative disk disease and other spinal conditions. From December 1996 through May 2001, Defendant Paul R. Breitenbach worked as a field sales representative for Sulzer, selling the company's products in Wisconsin and Michigan's Upper Peninsula. In that capacity, Breitenbach cultivated relationships with and made sales to spine surgeons and other customer contacts in his territory.

Prior to and as a condition of his employment with Sulzer, Breitenbach signed an Employment Agreement that contained non-compete provisions and a confidentiality agreement. The Employment Agreement also contained a provision requiring Breitenbach to make the best use of his "energy, knowledge, and training in advancing

FILED NOV 0 7 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the Company's interests," to inform Sulzer of any other business activities or outside employment, and to "promptly stop any activity or employment that might conflict with the Company's interests or adversely affect the performance of [his] duties for the Company."

Breitenbach gave Sulzer his resignation notice on May 17, 2001, and two weeks later -- on June 1 -- officially began working for Integrated Spine, LLC, a distributor of medical devices used in the treatment of spinal conditions. Integrated Spine LLC came into existence as a business entity at the end of December 2000, when Articles of Organization were filed with the Wisconsin Secretary of State's Office. In February 2001, Breitenbach signed a lease at a building called the Warehouse Lofts (where Breitenbach also lived) for space out of which Integrated Spine could conduct its business. Integrated Spine first began selling products manufactured by Surgical Dynamics Inc. ("SDI") in March 2001. On April 19, 2001, Integrated Spine entered into a Distribution Agreement with SDI to distribute SDI SPINE products in Wisconsin and the Upper Peninsula of Michigan -- Breitenbach's territory for Sulzer.

Sulzer commenced this action on September 18, 2001. In its Amended Complaint (Doc. No. 11), Sulzer alleges that Breitenbach has breached the non-compete provisions of the Employment Agreement, misappropriated confidential information, breached common law and contractual duties of loyalty, tortiously interfered with Sulzer's business relationships, competed unfairly, and has been unjustly enriched at Sulzer's expense.

Presently before the Court is Breitenbach's Motion for Summary Judgment.

Summary judgment is proper only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record as specified in Rule 56(c)] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to demonstrate the existence of specific facts that create a genuine issue for trial; mere allegations or denials are not enough. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). The court must view the evidence in the record, including affidavits submitted in support of and in opposition to summary judgment, together with whatever inferences may be reasonably drawn from that evidence, in the light most favorable to the nonmoving party. See Graves v. Arkansas Dep't of Fin. & Admin., 229 F.3d 721, 723 (8th Cir. 2000); Calvit v. Minneapolis Pub. Schs., 122 F.3d 1112, 1116 (8th Cir. 1997).

In connection with Sulzer's claims concerning the misappropriation of confidential information, breaches of a contractual or common law duty of loyalty, tortious interference with business relationships, unfair competition, and unjust enrichment, the Court concludes that the record, viewed in the light most favorable to Sulzer, presents genuine issues of material fact. There is sufficient admissible evidence to permit a

reasonable jury to find that Breitenbach engaged in the alleged wrongful conduct while employed by Sulzer and thereafter. Therefore, with respect to Counts II through VI of the Amended Complaint, Breitenbach's motion will be denied.

With respect to Count I of the Amended Complaint, alleging that Breitenbach violated the non-compete provisions of his Employment Agreement, the Court finds two failings with Breitenbach's summary judgment motion. First, he has not adequately addressed the preclusive effect of having voluntarily dismissed the declaratory judgment action he had brought against Sulzer in June 2000, in which he sought a declaration that the non-compete provisions were unreasonably broad and, hence, unenforceable. Under Minnesota law,

> [t]he doctrine of res judicata (claim preclusion) bars a claim when litigation on a prior claim involved the same cause of action, there was a judgment on the merits, and the claim involved the same parties or their privies. . . . In addition, the party against whom res judicata is applied must have had a full and fair opportunity to litigate the matter in the prior proceeding. . . . If those requirements are met, res judicata bars not only claims as to matters actually litigated, but also as to every matter that might have been litigated in the prior proceeding.

Nelson v. American Family Ins. Group, 651 N.W.2d 499, 511 (Minn. 2002) (internal citations omitted). Breitenbach argues that res judicata should not apply here because he lacked a "full and fair opportunity" to litigate whether the non-compete provision was enforceable. He asserts that he initially challenged the enforceability of the non-compete because he anticipated finding a new job in a different geographic area (a factual assertion

that is wholly unsupported in the record). According to Breitenbach, when he accepted a job with Integrated Spine, LLC,[1] he became confident that his work there would not compete with the work he had done for Sulzer, presumably because he agreed to sell"non-competing products." Breitenbach therefore contends that he "lost any incentive to litigate the issue of the agreement's reasonableness."

This argument is simply not compelling. The non-compete clause precludes Breitenbach from "directly or indirectly engag[ing] in any commercial activity that competes with the Company's business, as the Company has conducted it during the five years before [his] employment with the Company ends." Breitenbach's complaint for a declaratory judgment alleged that he planned "to terminate the Agreement with [Sulzer] and to pursue professional endeavors *that may appear to constitute direct or indirect commercial activity that competes with [Sulzer's] business*." (Compl. ¶ 10 (emphasis added), Breitenbach v. Sulzer Spine-Tech, Inc., Civ. No. 00-2215 (DWF/AJB)). Breitenbach's employment with Integrated Spine arguably fell within the scope of the issue framed by his declaratory judgment action; Breitenbach has failed to establish a "lack of incentive" to proceed with the declaratory judgment action.

The second failing in Breitenbach's summary judgment motion is that, were the

---

[1] It appears that taking a position with Integrated Spine, L.L.C., did not involve working in a different geographical area; from the undisputed record presented by Sulzer, Integrated Spine apparently operated out of the same building (and for a time out of the same apartment) as where Breitenbach lived.

Court were to "blue pencil" the non-compete's geographic scope (as it is free to do), Sulzer has come forward with evidence from which a reasonable jury could find that Breitenbach began making competitive sales and diverting business before he left Sulzer and, arguably has engaged, directly or indirectly, in competitive activities with Integrated Spine after leaving Sulzer. Accordingly, Breitenbach is not entitled to thc cntry of a judgment in his favor on the enforceability or breach of the non-compete provision.

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED** that Defendant Paul R. Breitenbach's Motion for Summary Judgment (Doc. No. 22) is **DENIED**.

Dated: November 7, 2002

RICHARD H. KYLE
United States District Judge