**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Sulzer Spine-Tech Inc.<br><br>Plaintiff,<br><br>v.<br><br>Paul R. Breitenbach,<br><br>Defendant. | File No.: Civil 01-1719 (RHK/SRN)<br><br><br><br>**CONSENT ORDER** |

Pursuant to the parties' agreement to settle this action based on a confession of judgment by defendant, structured settlement payments by defendant, and a consent order for an injunction against defendant,

**IT IS HEREBY ORDERED** that:

1. For six months after entry of this Consent Order, defendant shall not:

   a. have any direct or indirect contact with Drs. Spencer Block or Peter Ullrich, except for social purposes only.

   b. have any direct or indirect contact with Drs. Kamal Paul, Matthew Songer, Richard Rovin, Craig Coccia, Kenneth Davenport, Chris Van Saders, Karl Greene, Thomas Wascher, Bruce Bressler, Kevin Gassner, or Donald Gore for any purpose.

   c. have any direct or indirect contact with Drs. Paul Baek, Steven Weinshel, Max Ots, Richard Harrison, or Mark Gardon for any purpose other than to sell or distribute Radionics navigational systems to physicians at Aurora Bay Care in Green Bay.

   d. have any direct or indirect involvement in the sale or distribution of interbody fusion devices, posterior thoracolumbar fixation devices, or anterior cervical fixation devices to any surgeons listed above or to the hospitals in which they perform surgeries.

DEC 31 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

e. assist or facilitate the sale or distribution by others of interbody fusion devices, posterior thoracolumbar fixation devices, or anterior cervical fixation devices to surgeons listed above or to the hospitals in which they perform surgeries.

f. attend surgeries performed by any surgeons listed above involving implantation of interbody fusion devices, posterior thoracolumbar fixation devices or anterior cervical fixation devices, except for surgeries being performed at Aurora Bay Care in which the surgeon is using a Radionics navigational system.

g. communicate with any surgeons listed above or staff members of the hospitals in which they perform surgeries regarding interbody fusion devices, posterior thoracolumbar fixation devices, or anterior cervical fixation devices.

2. For six months after entry of this Consent Order, defendant shall provide a copy of this Consent Order to any company for which he sells or distributes products and provide to plaintiff written verification of the name, address and telephone number of the person to whom the Consent Order was provided.

3. Defendant shall provide to plaintiff upon the expiration of the six-month injunction copies of his check stubs, commission statements and a written summary that can be verified with the payor of the products he has sold and the customers to whom he has sold during the period of the injunction.

4. Defendant shall provide to plaintiff copies of his federal tax returns and all supporting schedules on an annual basis (by April 30 of the year in which the return is filed) for as long as he owes defendant more than Thirty Thousand Dollars ($30,000.00) under the terms of the Settlement Agreement he signed in settlement of this action.

5. In the event of a proven violation of this Consent Order or the Settlement Agreement executed by the parties in settlement of this action, plaintiff shall be entitled as its

sole remedy to entry of judgment against defendant pursuant to the terms of the Confession of Judgment signed by defendant in settlement of this action.

Dated: 12/31/02

RICHARD H. KYLE
United States District Judge

M1:941273.04

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.